UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARL D. MITCHELL, | No. 2:16-cv-2379 MCE CKD P |
| Petitioner, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| RON DAVIS, | |
| Respondent. | |

Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner paid the filing fee. For the reasons set forth below, the undersigned will recommend that the petition be dismissed as successive.

I. Background

In 2005, petitioner was convicted in the Sacramento County Superior Court for several counts of robbery and false imprisonment, and sentenced to a term of 384 years to life. (ECF No. 1 at 1.) On appeal, "the trial court's true finding of [defendant's] eighth alleged prior conviction was reversed, defendant's sentence was vacated, and the matter was remanded for recalculating defendant's sentence." (Id., Ex. A at 34.) However, on remand, the trial court "found that the setting aside of the eighth prior conviction didn't change the original sentence" and again imposed a sentence of 384 years to life. (Id. at 14, 34.)

/////

1

1    Petitioner appealed his resentencing and, on November 10, 2008, the state appellate court
2    found that the trial court erred in re-calculating petitioner's sentence.  (Id., Ex. A at 35.)  The
3    court of appeals vacated petitioner's sentence and remanded the matter to the trial court with
4    instructions to recalculate the sentence.  (Id. at 36-37.)
5    According to court records in an earlier-filed federal habeas action, "[o]n March 20, 2009,
6    the Sacramento County Superior Court sentenced him for a third time, imposing an indeterminate
7    state prison term of 324 years to life.  The Superior Court entered an amended abstract of
8    judgement, reflecting a sentence of the same duration, on March 23, 2009."  Mitchell v. Chappell,
9    No. 2:12-cv-0296 MCE DAD (E.D. Cal.), ECF No. 38 at 1.
10   In the instant petition, petitioner claims that the March 2009 resentencing violated his
11   constitutional right to due process.

12   II.  Successive Petition

13   Petitioner challenged his 2009 resentencing in Mitchell v. Chappell, and respondent filed
14   a motion to dismiss the action as time-barred.  (See No. 2:12-cv-0296 MCE DAD, ECF No. 38 at
15   2.)  Respondent's motion was granted, and the action was dismissed as time-barred on March 30,
16   2015.  (Id., ECF Nos. 38 & 44.)  The U.S. Court of Appeals for the Ninth Circuit affirmed the
17   district court's order of dismissal on January 28, 2016.  (Id., ECF No. 50.)
18   A petition is second or successive if it makes "claims contesting the same custody
19   imposed by the same judgment of a state court" that the petitioner previously challenged, and on
20   which the federal court issued a decision on the merits.  Burton v. Stewart, 549 U.S. 147, 153
21   (2007).  A second or subsequent habeas petition is not considered "successive" if the initial
22   habeas petition was dismissed for a technical or procedural reason.  See Slack v. McDaniel, 529
23   U.S. 473, 485–487 (2000).  However, in McNabb v. Yates, 576 F.3d 1028, 1030 (9th Cir. 2009),
24   the Ninth Circuit held that dismissal of a habeas petition for failure to comply with the AEDPA
25   statute of limitations renders subsequent petitions challenging the same conviction successive.
26   Because petitioner's prior federal habeas challenge to his 2009 resentencing was dismissed for
27   untimeliness, the instant petition is successive.
28   ////

Before filing a successive petition in district court, a petitioner must obtain from the appellate court "an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).  Without an order from the appellate court, the district court is without jurisdiction to consider a second or successive petition.  See Burton, 549 U.S. at 152, 157.  As petitioner offers no evidence that the appellate court has authorized this court to consider a successive petition challenging his 2009 resentencing, the instant petition should be dismissed for lack of jurisdiction.

Accordingly, IT IS HEREBY RECOMMENDED that the petition be dismissed for lack of jurisdiction.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, petitioner may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case.  See Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).  Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  November 15, 2016

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2/mitc2379.succ

3